**B104 (FORM 104) (08/07)**

| ADVERSARY PROCEEDING COVER SHEET | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Sierra Monae Williams | **DEFENDANTS**<br>Midland Funding LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Rothschild & Ausbrooks, PLLC<br>1222 16th Avenue South, Nashville, TN 37212<br>Telephone No. (615) 242-3996 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>X Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>X Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Defendant Creditor acted in violation of 15 U.S.C. § 1692 *et seq*. by attempting to collect upon a time-barred debt, for which Debtor requests sanctions and disallowance of claim. U.S. Statutes involved include: 11 U.S.C. §§ 105, 501, 502; 15 U.S.C. § 1692 *et seq*.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
[1] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 – Injunctive relief – imposition of stay
☐ 72 – Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq*.
[2] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>Sierra Monae Williams | BANKRUPTCY CASE NO.<br>14-06266 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Middle District of Tennessee | DIVISION OFFICE<br>Nashville | NAME OF JUDGE<br>MASHBURN |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)
*/s/ Mary Beth Ausbrooks*

| DATE<br>October 21, 2014 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Mary Beth Ausbrooks |
|---|---|

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | CHAPTER: | 13 |
| SIERRA MONAE WILLIAMS | ) | CASE NO.: | 14-06266 |
|     Debtor. | ) | JUDGE: | MASHBURN |
| | ) | | |
| SIERRA MONAE WILLIAMS, | ) | | |
|     Debtor and Plaintiff, | ) | ADV. PROC. | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| MIDLAND FUNDING LLC, | ) | | |
|     Defendant. | ) | | |
| | ) | | |

## ADVERSARY COMPLAINT

The Debtor in the above-captioned case files this action against Midland Funding LLC, for violation of the Fair Debt Collection Practices Act ("FDCPA") and related relief, and further objects to the Defendant's claim in the underlying bankruptcy case. In support of this action, the Debtor would state as follows:

### I. PARTIES

1. Plaintiff Sierra Monae Williams (the "Debtor") is the debtor in the underlying bankruptcy case, In Re: Sierra Monae Williams, Case No. 14-06266, filed under Chapter 13 of Title 11, United States Code, in the United States Bankruptcy Court for the Middle District of Tennessee on August 6, 2014.

2. Defendant Midland Funding LLC is, on information and belief, a Delaware corporation with its principal office located at 3111 Camino Del Rio N, Ste 1300, San Diego, CA 92108-5750 and may be served with process through its Registered Agent, Corporation Service Company, 2908 Poston

Avenue, Nashville, TN 37203-1312.

## II. JURISDICTIONAL STATEMENT

3. Jurisdiction to entertain this proceeding is conferred upon this Court by 28 U.S.C. §151 and §157(b). This Court has supplemental jurisdiction to hear and issue relief and orders for all state law claims pursuant to 28 U.S.C. § 1367. This Court has jurisdiction to over the FDCPA claim in this Complaint pursuant to 15 U.S.C. § 1692k(d). Pursuant to 11 U.S.C. § 105(a), this Court may issue any order, process or judgment necessary or appropriate to carry out the provisions of this title.

4. Venue to entertain this proceeding is properly laid with this Court pursuant to 28 U.S.C. § 1408 and § 1409(a).

5. This adversary proceeding constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b).

## STATEMENT OF FACTS

6. The Debtor/Plaintiff filed a Voluntary Petition for Chapter 13 relief on August 6, 2014.

7. Defendant Midland Funding LLC filed a Proof of Claim with this Court on August 20, 2014 purporting a debt owed in the amount of $1,037.26. (*See* ECF Claim No. 4 attached as "Exhibit 1")

8. The attachment accompanying Defendant's Proof of Claim details the debt was originally owed to First Bank of Delaware. The claim further indicates a "charge-off date" of June 30, 2008.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF
## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

9. The Debtor hereby restates and incorporates by reference preceding Paragraphs 1-9.

10. Defendant, Midland Funding LLC, is a "debt collector" as that term is defined in 15 U.S.C. § 1692(a)(6).

11. The contractual statute of limitations to collect upon the debt for which the Defendant filed a proof of claim ran in June, 2014 pursuant to Tenn. Code Ann. § 28-3-109(a)(1).

12. The Proof of Claim filed by Defendant is an attempt to collect a debt.

13. The Proof of Claim filed by Defendant, is a false, deceptive and/or misleading implication or assertion that the underlying debt is legally owed by the consumer, and as such is a violation of both 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

14. The Proof of Claim violates 15 U.S.C. § 1692j by creating the false belief that the bankruptcy estate or bankruptcy trustee overseeing the estate is participating in the collection of the debt.

15. Pursuant to 15 U.S.C. § 1692k, the Defendant is liable to the Debtor in an amount equal to actual damages, up to $1,000 in statutory damages, and a reasonable attorney's fee.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF
## CONTEMPT AND SANCTIONS

16. The Proof of Claim filed by the Defendant is a willful and/or intentional attempt to deceive this Court as to the nature of the alleged debt. Specifically, it is believed to be an intentional act to collect upon a debt that is legally unenforceable.

17. Misrepresentations made to the Court, such as those within the Defendant's Proof of Claim, are contemptuous of the bankruptcy process and subject to an imposition of sanctions by this Court pursuant to 11 U.S.C. § 105 to prevent such an abuse of process.

## PLAINTIFF'S THIRD CLAIM FOR RELIEF
## DISALLOWANCE OF PROOF OF CLAIM

18. The Debtor hereby restates and incorporates by reference preceding Paragraphs 1-9 of this Complaint.

19. Pursuant to Tenn. Code Ann. § 28-3-109(a)(1), the Proof of Claim filed by Defendant is unenforceable and, therefore, by application of 11 U.S.C. § 502(b)(1), such claim should be disallowed.

**WHEREFORE,** the Debtor/Plaintiff having set forth the claims for relief against the Defendant respectfully prays of the Court as follows:

A. A finding that the Defendant violated the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 *et seq*.

B. A monetary judgment against the Defendant, in favor of the Debtor, in amount equal to actual damages, plus statutory damages of $1,000 and attorney's fees.

C. A finding that the Defendant willfully and/or intentionally attempted to deceive the Court as to the nature of the debt within its Proof of Claim.

D. A finding of contempt and a sanction award against the Defendant and in favor of the Debtor, including reasonable attorney fees, pursuant to 11 U.S.C. § 105.

E. A finding that the Defendant's claim in the underlying bankruptcy case is disallowed pursuant to 11 U.S.C. § 502.

F. That the Debtor recover any further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Mary Beth Ausbrooks*
MARY BETH AUSBROOKS
ROTHSCHILD & AUSBROOKS, PLLC
Attorney for Debtor(s)
1222 16th Avenue South, Suite 12
Nashville, TN 37212-2926
(615) 242-3996 (telephone)
(615) 242-2003 (facsimile)
notice@rothschildbklaw.com